UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-CV-270 SRW |
| LELAND DUDEK, Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff Cedric Greene's responses to the Show Cause Order, which directed him to show cause for why this action should not be dismissed for improper venue. The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On March 5, 2025, Plaintiff filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, ECF No. 1, and Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 2. Within the Complaint, Plaintiff indicates his mailing address to be within Los Angeles, California. ECF No. 1 at 2. Under the "Statement of Claim" section, Plaintiff writes:

> This case is a district transfer because Greene has restrictions in the Northern District of Illinois. In Seventh Circuit appeal number 24-3294, it relates to the SSI benefits of Mr. Greene. That case saw that Greene presented an opposition to the response of the U.S. Government, in which is explained in this legal application. The Seventh Circuit sanctioned Greene on February 21, 2025, in case 24-3268. We realize that the Sanction order has nothing to do with Greene's benefits, but it gives information that the ban is for two years. That's why this federal venue should allow the case here.

*Id.* at 3.

Upon filing, the Court reviewed the Complaint for proper jurisdiction and venue. ECF No. 3. In order to obtain judicial review under 42 U.S.C. § 405(g) in a case arising under the Social Security Act, a claimant must: 1) receive a final decision of the Commissioner made after a hearing, 2) bring a civil action within 60 days after the mailing of the notice of such final decision, and 3) *file the action in the district court for the district in which she resides or has her principal place of business*." *Jackson o/b/o J.J. v. Berryhill*, 2017 WL 5499225, at *2 (E.D. Mo. Nov. 16, 2017) (emphasis added) (citing 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975)). The Court found Plaintiff made no showing that he either resides in or has his principal place of business in the Eastern District of Missouri. Rather, he listed a California mailing address and appeared to be filing this action in this Court only because he is banned from doing so in the Northern District of Illinois.[1] Consequently, Plaintiff was ordered to show cause why this action should not be dismissed for improper venue pursuant to 28 U.S.C. § 1406(a).

The Court received Plaintiff's first response to the Show Cause Order on March 6, 2025. ECF No. 5. His response is difficult to follow, but he does not assert any connection with the Eastern District of Missouri. Rather, he indicated, "[t]his is a case that was due to be addressed by the Colorado legal system in previous years had wrongful politics hadn't interrupted such plans." *Id.* at 2. A second response was received by the Court on March 27, 2025. ECF No. 7. He references "brutal politics" between California and Colorado for why he was unable to receive

---

[1] The Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

"Government Benefits." *Id.* at 2. He further blames the 7th Circuit because "they kicked [him] out of their Circuit and stripped him of his due process rights." *Id.* Again, he does not make any attempt to establish that he lives in or has his principal place of business in the Eastern District of Missouri. His two responses make it clearer that he has no connection to Missouri.

Subsequent to the two responses, the Court received a filing titled "Valerie Stephen's Application for an Order to Show Case Respond." ECF No. 8. Within, Plaintiff's wife asks to file her own response to the Show Cause Order. This motion will be denied for two reasons. First, this action will be dismissed for improper venue. Second, Plaintiff's wife is not a party to this case, and it is improper for her to file any motions, pleadings, or papers.

Notwithstanding his pro se status, Plaintiff bears the burden to show that venue is proper. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). When a plaintiff files a case laying venue in the wrong division or district, the district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As stated above, Section 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act and, in order to obtain review under 42 U.S.C. § 405(g), a Social Security claimant must file the action in the district court for the district in which she resides or has her principal place of business. *See also* 28 U.S.C. §§ 1391, 1406(a). Neither applies here. As such, the Court will dismiss this matter and decline to transfer the case. The Court notes that since March 5, 2025, Plaintiff has rapidly filed 18 self-represented cases in this Court, 12 of which have already been dismissed for lack of subject matter jurisdiction and venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a); 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that "Valerie Stephen's Application for an Order to Show Case Respond" [ECF No. 8] is **DENIED**.

An Order of Dismissal shall be filed with this Memorandum and Order

Dated this 24th day of April, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE